UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SUPREME BORN,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 2:24-cv-1761-AMM-GMB |
| **KAREN WILLIAMS,** | ) ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION

The Magistrate Judge entered a report, Doc. 18, on October 6, 2025, recommending that the petition for writ of habeas corpus be dismissed with prejudice as untimely. Petitioner Supreme Born filed objections to the report and recommendation. Doc. 20.

In his thirty-eight-page objection, Mr. Born repeats the same arguments he made in his original petition, Doc. 1, amendment, Doc. 7, and in each of his replies, Docs. 9, 10, 13, 15. Doc. 20. Mr. Born contends that: (1) the state court lacked jurisdiction, *id.* at 3, 5, 7, 9–11, 13–14, 19, 24; (2) his trial and appellate counsel were ineffective and appellate counsel acted with "egregious negligence" in abandoning the attorney-client relationship, *id.* at 3–4, 11, 14–20, 23, 26, 28, 31; (3) the prosecution failed to disclose exculpatory evidence *id.* at 5–6, 21–22, 26, 29; (4) the state's witnesses fabricated evidence *id.* at 6, 8–9, 21–22, 27, 29, 32–36; (5) the

affidavit of Tarus Hawkins proves that Mr. Hawkins was not inside the truck during the shooting so Mr. Born is actually innocent *id.* at 6–7, 19, 25–26, 28, 30; and (6) the COVID-19 pandemic restricted his ability to file a writ of certiorari with the Alabama Supreme Court, *id.* at 16, 20. The Magistrate Judge considered all of these arguments in the report and recommendation and correctly concluded that Mr. Born's habeas petition is untimely, even after considering his arguments for statutory and equitable tolling. *See* Doc. 18 at 6–11.

In his objections, Mr. Born also contends that his one-year limitation period for filing a federal habeas action begins to run from "[28 U.S.C. § 2244(d)(1)](D) the date on which the factual predicate of the claim or claims presented could have been discovered th[rough] the exercise of due diligence." Doc. 20 at 12. This argument is legally incorrect. The Magistrate Judge found that the facts before the court establish that Section 2244(d)(1)(A) is the trigger for Mr. Born's limitation period. Doc. 18 at 6; *see* 28 U.S.C. § 2244(d)(1). The court agrees–the limitation period began to run on the date Mr. Born's convictions became final by the conclusion of direct review or the expiration of time for seeking direct review. Here, the Magistrate Judge accurately determined that:

> the judgment bec[a]me final on the date that the time for seeking such review expires." *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012); *Pugh v. Smith*, 465 F.3d 1295, 1299–300 (11th Cir. 2006). After the second remand, the ACCA affirmed Born's sentence on December 11, 2020

> (Doc. 5-4) and overruled his application for rehearing on January 29, 2021. Doc. 5-5. Born then had 14 days—until February 12, 2021—to petition the Alabama Supreme Court for a writ of certiorari. *See* Ala. R. App. P. 39(b)(3) ("If an application for rehearing has been filed with the Court of Civil Appeals, the petition for the writ of certiorari shall be filed within 14 days (2 weeks) of the decision of that court on the application for rehearing."). Born did not file a petition for writ of certiorari in the Alabama Supreme Court. Because of this failure, his conviction became final on February 12, 2021, along with the expiration of the deadline to file a petition. *See Gonzalez*, 565 U.S. at 137.

Doc. 18 at 7.[1] Therefore, Mr. Born's assertion that "he had till December 26, 2024, to file [a] writ of habeas corpus because of the 90 days to file the writ of certiorari in the Supreme Court of Alabama" is simply erroneous, and his objections on these grounds are **OVERRULED**. Doc. 20 at 18.

After careful consideration of the record in this case and the Magistrate Judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that the petition for writ of habeas corpus is due to be dismissed with prejudice.

---

[1] There is a scrivener's error in the Report and Recommendation. *See* Doc. 18 at 7. Alabama Rule of Appellate Procedure 39(b)(3) is cited, however, that rule governs procedures in the Alabama Court of Civil Appeals. The applicable rule is Alabama Rule of Appellate Procedure 39(c)(2), which states: "The petition for the writ of certiorari shall be filed . . . within 14 days (2 weeks) of the decision of the Court of Criminal Appeals on the application for rehearing . . . ." Because the time limitation under both rules is fourteen days, the analysis does not change.

A final judgment will be entered.

This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds the petitioner's claims do not satisfy either standard.

**DONE** and **ORDERED** this 2nd day of March, 2026.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE